KOH/DJB: USAO 2019R00426

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JUN 24 P 2:30

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PWG 19 CR 310 |
| JAMES JUNIOR ALIYU,<br>   a/k/a "Old Soldier,"<br>   a/k/a "Ghost,"<br>KOSI GOODNESS SIMON-EBO, and<br>HENRY ONYEDIKACHI ECHEFU,<br><br>**Defendants** | * (Conspiracy to Commit Wire<br>* Fraud, 18 U.S.C. § 1349;<br>* Conspiracy to Commit Money<br>* Laundering, 18 U.S.C. § 1956(h);<br>* Money Laundering, 18 U.S.C.<br>* § 1956(a)(1)(A)(i) and (B)(i);<br>* Wire Fraud, 18 U.S.C. § 1343;<br>* Aiding and Abetting, 18 U.S.C. § 2;<br>* Forfeiture, 18 U.S.C. §§ 981(a)(1)(C)<br>* and 982(a)(1), 21 U.S.C. § 853,<br>* 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1. **JAMES JUNIOR ALIYU** a/k/a "Old Soldier," a/k/a "Ghost," ("ALIYU"), **KOSI GOODNESS SIMON-EBO** ("SIMON-EBO"), and **HENRY ONYEDIKACHI ECHEFU** ("ECHEFU") were residents of South Africa.

2. **Aldrin Fon Fomukong,** a/k/a "Albanky," ("Fomukong") was a resident of Greenbelt, Maryland.

3. **Nkeng Amin,** a/k/a "Rapone," ("Amin") was a resident of Beltsville, Maryland.

4. **Carlson Cho ("Cho")** was a resident of Framingham, Massachusetts and Braintree, Massachusetts.

5. Business Email Compromise ("BEC") Schemes were complex schemes in which victims were deceived into sending money via wire transfers or other electronic funds transfers to bank accounts controlled by the perpetrators of the scheme. The victims erroneously believed the transfer was being sent to a legitimate account when, in fact, it was being sent to bank accounts controlled by the perpetrators.

6. "Drop accounts" were bank accounts opened or controlled by the co-conspirators that were used to receive money from victims.

7. WhatsApp was an encrypted Internet-based multimedia messaging service used via a smartphone application that functioned using both cellular and wireless data connections.

## The Conspiracy

8. From a time unknown to the Grand Jury, but beginning at least in or about February 2016, and continuing until at least in or about July 2017, in the District of Maryland and elsewhere, the defendants,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"
**KOSI GOODNESS SIMON-EBO, and**
**HENRY ONYEDIKACHI ECHEFU,**

did knowingly and willfully combine, conspire, confederate and agree with each other, **Aldrin Fon Fomukong**, **Nkeng Amin**, **Carlson Cho**, and other persons, known and unknown to the Grand Jury, to knowingly devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises

("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud did knowingly and willfully transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Scheme to Defraud

9. It was part of the conspiracy and scheme to defraud that the co-conspirators gained unauthorized access to email accounts associated with individuals and businesses targeted by the co-conspirators (collectively, "the victims").

10. It was further part of the conspiracy and scheme to defraud that the co-conspirators sent false wiring instructions to the victims' email accounts from spoofed email accounts.

11. It was further part of the conspiracy and scheme to defraud that the defendants and their co-conspirators opened and managed, or caused to be opened and managed, drop accounts in order to direct into and receive millions of dollars from the proceeds of BEC Schemes conducted on the victims.

12. It was further part of the conspiracy and scheme to defraud that the defendants and their co-conspirators communicated via WhatsApp and other means of communication to provide information with each other related to the BEC Schemes, including drop account and wire transfer information.

13. It was further part of the conspiracy and scheme to defraud that the defendants and their co-conspirators caused the victims to use the wires to transfer money to drop accounts.

18 U.S.C. § 1349

## COUNT TWO
### (Money Laundering Conspiracy)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 7 and 9 through 13 of Count One are incorporated here.

### The Conspiracy

2. From a time unknown to the Grand Jury, but beginning at least in or about February 2016, and continuing until at least in or about July 2017, in the District of Maryland and elsewhere, the defendants,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"
**KOSI GOODNESS SIMON-EBO, and**
**HENRY ONYEDIKACHI ECHEFU,**

did knowingly combine, conspire, and agree with each other, **Aldrin Fon Fomukong**, **Nkeng Amin**, **Carlson Cho**, and others known and unknown to the Grand Jury to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—to wit, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349—while knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and:

    a. with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    b. knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

4

## Manner and Means of the Money Laundering Conspiracy

3. It was part of the conspiracy and scheme to defraud that the defendants and their co-conspirators caused the victims to use the wires to transfer money from the victims as a result of BEC Schemes to drop accounts.

4. It was further part of the conspiracy and scheme to defraud that the defendants and their co-conspirators disbursed the money received from the victims into drop accounts by using wires to transfer money to other accounts, by initiating account transfers to other accounts at the same bank, by withdrawing sums of money, by obtaining cashier's checks, and by writing checks to other individuals or entities, all to promote wire fraud conspiracy and other criminal conduct, and to hide true ownership and disguise the nature, source, and control of those assets.

18 U.S.C. § 1956(h)

## COUNT THREE
## (Money Laundering)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 3, and 4 of Count Two are incorporated here.

2. On or about March 9, 2017, in the District of Maryland and elsewhere, the defendant,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce—that is, a $350,000 wire transfer from a Bank of America bank account ending in 9655 located in Maryland to a bank account located in South Africa controlled by the defendant—which in fact involved the proceeds of specified unlawful activity—that is, conspiracy to commit wire fraud, as charged in Count One and incorporated here—knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and that the transaction was designed in whole and in part to promote the carrying on of specified unlawful activity and to conceal and to disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i)
18 U.S.C. § 2

## COUNTS FOUR THROUGH SEVEN
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 7 and 9 through 13 of Count One are incorporated here.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"
**KOSI GOODNESS SIMON-EBO, and**
**HENRY ONYEDIKACHI ECHEFU,**

as specified in each count below, for the purpose of executing and attempting to execute the scheme to defraud, did cause and attempt to cause to be transmitted by means of wire communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, as set forth below:

| COUNT | DEFENDANT(S) | DATE | WIRE DESCRIPTION |
|---|---|---|---|
| 4 | KOSI GOODNESS SIMON-EBO and HENRY ONYEDIKACHI ECHEFU | June 7, 2017 | a $50,703 bank wire transfer from a bank account located outside of Maryland to a SunTrust Bank account ending in 4431 located in Maryland |
| 5 | KOSI GOODNESS SIMON-EBO | June 21, 2017 | a $6,000,000 bank wire transfer from a bank account located outside of Maryland to a Bank of America account ending in 0042 located in Maryland |
| 6 | JAMES JUNIOR ALIYU, a/k/a "Old Soldier," a/k/a "Ghost," and HENRY ONYEDIKACHI ECHEFU | June 26, 2017 | a $104,485 bank wire transfer from a bank account located outside of Maryland to a Capital One account ending in 3758 located in Maryland |

| COUNT | DEFENDANT(S) | DATE | WIRE DESCRIPTION |
|---|---|---|---|
| 7 | **KOSI GOODNESS SIMON-EBO** | July 13, 2017 | a $292,830.10 bank wire transfer from a bank account located outside of Maryland to a TD Bank account ending in 3845 located in Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions on Counts One through Seven of this Indictment.

## Wire Fraud Forfeiture

2. As a result of the offenses set forth in Counts One, Four, Five, Six, and Seven of this Indictment, the defendants,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"
**KOSI GOODNESS SIMON-EBO, and**
**HENRY ONYEDIKACHI ECHEFU,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

## Money Laundering Forfeiture

3. Upon conviction of the offenses set forth in Count Two and Count Three of this Indictment, the defendants,

**JAMES JUNIOR ALIYU,**
a/k/a "Old Soldier,"
a/k/a "Ghost,"
**KOSI GOODNESS SIMON-EBO, and**
**HENRY ONYEDIKACHI ECHEFU,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal, involved in such offenses, and any property traceable to such property.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Robert K. Hur* /RKH
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 6/24/19

10