IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB-19-310 |
| | * | |
| KOSI GOODNESS SIMON-EBO, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | ****** | |

## ORDER TOLLING THE SPEEDY TRIAL ACT CLOCK

Upon consideration of the Consent Motion to Toll Speedy Trial Act Clock, the Court makes the following findings:

1. On June 24, 2019, a grand jury sitting in the District of Maryland returned an Indictment charging the defendant with conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and wire fraud, in violation of 18 U.S.C. § 1343.

2. Simon-Ebo had his initial appearance on April 14, 2023. Simon-Ebo's co-defendants, James Aliyu and Henry Echefu, were apprehended in South Africa and Canada, respectively, and are awaiting extradition.

3. On May 5, 2023, the Court granted the parties' consent motion to toll the speedy trial clock and ordered a status report due on or about June 1, 2023.

4. As indicated in the status report filed contemporaneously herewith, the parties seek additional time to provide defense counsel with time to receive and study the complete universe of discovery, prepare pretrial motions deemed appropriate, and evaluate the potential for pretrial resolution.

5. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

6. 18 U.S.C. § 3161(h)(1)(E) specifically excludes from the time requirements any "delay resulting from any proceedings relating to the . . . removal of any defendant from another district under the Federal Rules of Criminal Procedure."

7. In addition, 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a Defendant or the Government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

8. For the reasons set forth in the Motion, the ends of justice will be served by excluding the time period between **June 1, 2023 and July 31, 2023** in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best

2

interests of the public and the defendants in a speedy trial.

**WHEREFORE**, it is this <u> 1st </u> day of <u>June, 2023</u> hereby:

**ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7), the time period between **June 1, 2023 and July 31, 2023** is excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

                                                                        _____
                                                                         HONORABLE DEBORAH L. BOARDMAN
                                                                         UNITED STATES DISTRICT JUDGE
                                                                         DISTRICT OF MARYLAND